# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 20, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
BRIDGET BARTSCH,                          \*
                                          \*      No. 13-536V
       Petitioner,                   \*
                                          \*
v.                                        \*      Special Master Roth
                                          \*
SECRETARY OF HEALTH                       \*      Damages Decision Based on Stipulation;
AND HUMAN SERVICES,                       \*      Influenza Vaccine; Guillain-Barre
                                          \*      Syndrome; "GBS"; Chronic Inflammatory
       Respondent.                   \*      Demyelinating Polyneuropathy; "CIDP".
                                          \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Scott B. Taylor, Urban and Taylor, S.C., Milwaukee, WI, for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth,** Special Master:

      On August 2, 2013, Bridget Bartsch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], alleging that she developed Guillain-Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of the influenza vaccine she received on August 10, 2010. Respondent denies that the flu vaccine is the cause of petitioner's alleged GBS and/or CIDP, or any other injury or condition. Stipulation at ¶ 6.

      On November 18, 2015, respondent filed a stipulation detailing compensation for life care items, lost wages, past unreimbursed expenses, and pain and suffering. According to respondent's stipulation, petitioner agrees to the proposed award of compensation. Pursuant to the terms stated in the attached stipulation, **petitioner is awarded:**

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1. **A lump sum of $581,357.00 in the form of a check payable to petitioner**. This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a). This sum includes $56,357.00 for future life care plan expenses for the first year following the entry of judgment, $175,000.00 for pain and suffering, and 350,000.00 for lost wages and past unreimbursable expenses.

2. **An amount sufficient to purchase the annuity contract**, described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.